TED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LUXOTTICA GROUP, S.p.A.,** | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 4:21-10934-TSH |
| v. | ) | |
| | ) | |
| **Young Kil Lee,** | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DISCOVERY (Docket Nos. 10, 12)

**July 22, 2021**

**HILLMAN, D.J.,**

Plaintiff Luxottica Group S.p.A. ("Plaintiff"), an Italian fashion conglomerate which owns several trademarks for RAY-BAN and LUXOTTICA eyewear, clothing, and accessories, brought this trademark infringement action against Young Kil Lee ("Defendant") for the sale of counterfeit Ray-Ban sunglasses on June 4, 2021. Defendant has made a special appearance before the Court to move to dismiss the complaint under Fed. R. Civ. P. 4(b)(2) and (b)(5) for lack of personal jurisdiction and insufficient service of process.

For the reasons set forth below, the motion is ***denied***, without prejudice, subject to renewal, if appropriate, after completion of limited discovery as detailed below.

## Facts

Luxottica owns the rights to seven RAY-BAN and LUXOTTICA trademarks registered by the United States Patent and Trademark Office: 650,499; 1,093,658; 2,718,485; 3,522,603;

1

1,511,615; 1,511,615; and 2,971,023.  (Docket No. 3-1).  On March 12, 2021, Plaintiff's investigator visited Defendant's retail store, City Jewelry in Worcester, and discovered that Defendant, who lacked Plaintiff's license, authority, or permission, was advertising, displaying, and selling counterfeit sunglasses bearing design elements, source-identifying insignia or logos protected by one or more of Plaintiff's seven trademarks.  (Compl. ¶ 17, Docket No. 1).  The Complaint includes the investigator's photographs of the counterfeit products.

The investigator purchased one pair of $25.00 counterfeit Ray-Ban sunglasses on March 12, and returned to City Jewelry on May 14, 2021 and bought another two pairs of counterfeit Ray-Ban sunglasses for $100.00.  (¶¶ 18-20).  All three pairs of sunglasses contained conspicuous red RAY-BAN stickers with white lettering on the lenses which closely resemble Plaintiff's trademark 3,522,603, a red square with white diagonal lettering reading RAY-BAN. (Docket No. 3-1 at 3).  The sunglasses purchased on March 12, 2021 also have silver or white RAY-BAN lettering engraved on the lenses and the arms of the frames which closely resemble Plaintiff's trademarks 1,093,658 and 2,718, 485.  (*Id*. at 1).  Plaintiff inspected the three pairs of City Jewelry sunglasses and determined they were counterfeit products likely to create a false impression of authenticity to deceive unwary consumers, the public, and the trade.  (¶¶ 21, 25).

### Procedural History

Plaintiff filed suit on June 4, 2021 against Defendant in his personal capacity, seeking statutory damages, fees and costs, and preliminary and permanent injunctive relief for willful trademark infringement in violation of § 32 of the Lanham Act. 15 U.S.C. §1114.  Plaintiff believes that Defendant is a resident of Massachusetts who owns and operates City Jewelry in Worcester, a city within this judicial district.  (¶ 5).

The Court issued a summons for Defendant at City Jewelry's business address on 507 Main Street (the only address for Defendant provided in the Complaint), and Plaintiff engaged the Worcester County Sherriff to effect service. (Docket No. 9). According to the proof of service filed by Plaintiff, Deputy Sheriff Steven Trottier served the summons and complaint on June 14, 2021 on Ho Young Lee, described as an "agent, person in charge" at City Jewelry on that date. (*Id*. at 2).

On July 6, 2021, Defendant's counsel entered a special appearance to file this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and (b)(5) for insufficient service of process. Per an affidavit from Ho Young Lee, Defendant "is presently on a mission trip and is living in Central America" and Lee believes that Defendant "has been in Central America at all times since the complaint in this matter was filed on June 4, 2021." (Lee Aff. ¶ 3, Docket No. 11-1). The Affidavit does not state whether or how often Defendant returns to the United States, whether he maintains a home or plans to return here, or any other facts which would allow the Court to determine Defendant's domicile. The Affidavit also represents that Deputy Sherriff Trottier did not serve Ho Young Lee, but a person whom he mistook for Ho Young Lee; and that even if Trottier had served Ho Young Lee, Lee does not have the legal authority to accept service of process for Defendant.

Per Plaintiff, the Court should deny the motion to dismiss because the only evidence that Defendant resides abroad is hearsay from Lee's third-party affidavit. (*See* Ho Young Lee Aff., Docket No. 11-1). It also asks that the Court authorize Plaintiff to serve a "subpoena duces tecum for deposition" on Mr. Ho Young Lee, Mr. Juan Jay Torres, and other unidentified third parties connected to the Defendant in order to obtain the information necessary to respond to the motion to dismiss.

**Discussion**

1. <u>Service is Quashed, But R. 12(b)(5) Motion to Dismiss is Premature Because Plaintiff's Window to Properly Effect Service Has Not Closed.</u>

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." *Cichoki v. Mass. Bay Cmty. Coll.*, 174 F. Supp. 3d 572, 575 (D. Mass. 2016). Fed. R. Civ. P. 12(b)(5) empowers courts to dismiss a complaint for insufficient service of process. "Where ... 'the sufficiency of process is challenged under Rule 12(b)(5), ... [the] plaintiff bears the burden of proving proper service.'" *Id*. at 575. R. 4(m), which governs the timing of service and provides that service must be made within 90 days of the filing of the complaint unless the plaintiff shows good cause for the failure, excludes service in a foreign country. Under R. 4(e), an individual defendant within the United States must be served within this District by any method prescribed by Massachusetts law, or 1) delivering a copy of the summons and complaint to the individual personally; 2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who abides there; or 3) delivering a copy of each to an agent authorized by appointment or law to receive service of process. Under 4(m), a foreign entity must be served:

> "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention ...; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means ..., [by] using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the court orders."

Whether Defendant resides in the United States or abroad, service on Ho Young Lee or another party that Deputy Sherriff Trottier believed to be Ho Young Lee at City Jewelry in Worcester, Defendant's putative business address, was insufficient to satisfy either R. 4(e) or R. 4(m). If Defendant resides in Massachusetts, as Plaintiff believed when it filed the Complaint,

4

then service at City Jewelry was improper unless it was made directly on Defendant or an agent authorized by law or appointment to receive it.  Defendant was not personally served and there is no indication that Lee, who is identified only as an employee at City Jewelry, is such an authorized agent.  If Defendant resides somewhere "in Central America" which as much as he is willing to admit, then service was also improper under R. 4(m) because Plaintiff has not shown that service at City Jewelry complied with the Hague Convention (if Defendant's country of residence is a signatory to that Convention) or that such a method of service is not barred by international agreement.

Service against Defendant is quashed, but I decline to dismiss the Complaint because Plaintiff's time to properly effect service has not expired under either 4(e) or 4(m).  The Complaint was filed on June 4, 2021. Under R. 4(e), Plaintiffs have approximately 44 more days to timely serve Defendant, unless they can show good cause for an appropriate extension.  There is no time limit within 4(m) to serve a foreign-based Defendant, which applies if, as Defendant represents through the Lee Affidavit, he now resides somewhere in Central America.  Defendant has not shown that Plaintiff's failure to execute service is due to bad faith or lack of diligence, and Plaintiff is entitled under the Federal Rules to additional time to execute service of process.  For that reason alone, the motion to dismiss for insufficient process is ***denied***, without prejudice.

2. Court Will Order Limited Jurisdictional Discovery.

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, when considering a motion to dismiss for lack of personal jurisdiction, the court takes the facts pled in the complaint as true, and construes them "in the light most congenial to the plaintiff's jurisdictional claim." *Negrón–Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007); see Fed. R. Civ P.

12(b)(2), (6). "We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *Mass. Sch. Of Law, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34. (1st Cir. 1998). "[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." *Sunview Condo Ass'n v. Flexel Int'l.*, 116 F.3d 962, 964 (1st Cir. 1997). Whether to allow jurisdictional discovery falls within the Court's discretion. *Id*.

Plaintiff has acted diligently (albeit unsuccessfully) to effect service by retaining the Deputy Sherriff and has timely requested jurisdictional discovery. It has made a colorable case for the existence of the Court's *in personam* jurisdiction over Defendant by asserting that Defendant owns and operates a business in Massachusetts where the allegations of blatant trademark infringement occurred, which Defendant has not denied (the Court takes as true the facts alleged in the Complaint). Furthermore, the Court is concerned that Defendant may be attempting to avoid service and this Court's jurisdiction by concealing his location and hoping that the Court will prematurely dismiss the case for failure to effect service before the time to do so has expired. Because Defendant has retained an attorney, the Court presumes that he is aware of this suit. But in his motion to dismiss for lack of personal jurisdiction and insufficient service of process provided no additional detail that would allow Plaintiff to properly serve him under 4(m) or determine the Court's jurisdiction over him other than a third-party affidavit that he has been on an extended mission trip somewhere in Latin America since about 2014. Without jurisdictional discovery, Plaintiff cannot determine Defendant's domicile and thus, how to properly serve him, and the Court lacks adequate information to determine jurisdiction.

The scope of the pre-service discovery which Plaintiff seeks is problematically vague. Plaintiff states that "without the benefit of conducting discovery, and specifically, the deposition of Mr. Ho Young Lee, and other individuals who work for the Defendant, including Mr. Juan "Jay" Torres, Luxottica Group is unable to refute the statements contained in Mr. Ho Young Lee's Declaration or respond in substance to Defendant's motion to dismiss."  It then "requests an opportunity to serve a subpoena duces tecum for deposition on Mr. Ho Young Lee and other third parties connected to the Defendant" in order to respond to the motion to dismiss.  By these statements, the Court infers that Luxottica seeks to depose at least Lee and Torres (who both work for the Defendant), and may also seek to depose others who work for Defendant at City Jewelry.  Because a subpoena duces tecum compels the production of "specified documents, records, or things," it appears that Plaintiff may also be seeking the production of documents, although this is unclear. Black's Law Dictionary (9th ed.).  If this is the case, Plaintiff must explain which specific documents, and from which parties, it seeks a subpoena *duces tecum* in order for the Court to consider the request.

For now, the Court will allow Plaintiff to depose Mr. Ho Young Lee and Mr. Juan "Jay" Torres, whom it alleges are employed by Defendant at City Jewelry.  Both are Defendant's employees and are likely to know information that will allow Plaintiff to respond to Defendant's motion to dismiss for lack of personal jurisdiction.  The Court does not authorize the depositions of the unnamed deponents or any subpoenas for the production of documents at this time due to the lack of information provided in Plaintiff's response to the Defendant's motion to dismiss. (Docket No. 12).

7

**Conclusion**

Defendant's motion to dismiss is ***denied*** without prejudice, subject to renewal, if appropriate, after completion of limited discovery as detailed above.  The R. 12(b)(5) motion to dismiss for insufficient service of process is premature, although the Court agrees that Plaintiff's service on a person at City Jewelry who is neither the Defendant nor the Defendant's authorized agent was improper.  The Court does not have enough information to decide the R. 12(b)(2) motion to dismiss for lack of personal jurisdiction at this time, and instead will permit limited jurisdictional discovery.  Plaintiff may depose Mr. Ho Young Lee and Mr. Juan "Jay" Torres for the purposes of limited jurisdictional discovery.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**